ETHYLE L. HALL et al., Respondents, v. FRANK L. WABIK et al., Appellants.— Order unanimously reversed, without costs, and motion denied with leave to plaintiffs to move to vacate the dismissal of their action upon proper papers including an affidavit of merits to be furnished by the parties plaintiff. Memorandum: Plaintiffs' action was placed on the general docket on May 6, 1965 and on May 7, 1966 it was deemed abandoned and dismissed. On August 4, 1966 plaintiffs moved on the affidavit of their attorney to vacate the dismissal and restore the action to the Trial Calendar. Although it was shown that during the year that the case was on the general docket there was an examination of one of the plaintiffs before trial on June 3, 1965 and an amended complaint was served on February 1, 1966, there was no affidavit of merits submitted by the parties. The affidavit of plaintiffs' attorney did not satisfy the rule that a showing of merits must be made by a party or another person with knowledge of the facts which must contain evidentiary facts establishing a viable cause of action (*Sortino* v. *Fisher*, 20 A D 2d 25, 32; *Barnett Co.* v. *St. Paul Fire & Marine Ins. Co.*, 7 A D 2d 897; *Frenia* v. *Patno*, 25 A D 2d 591). (Appeal from order of Erie Special Term restoring case to calendar.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

DOROTHY OSTBERG, Respondent, v. WARREN WEBSTER & COMPANY, Appellant.— Order unanimously reversed and motion granted, without costs. Memorandum: This negligence action to recover damages for personal injuries sustained in March, 1960 was commenced in January, 1962. Issue was joined in February and a bill of particulars was served in October, 1962. There had been no further activity by plaintiff for almost three and a half years, and then only after the defendant, on February 23, 1966, served a 45-day notice preliminary to a motion to dismiss under CPLR 3216, when plaintiff on April 4, 1966 served a notice to examine defendant. On April 18, 1966 defendant moved to dismiss on the grounds of general delay and for failure to file note of issue after demand. Plaintiff has submitted no affidavits in opposition to this motion; the record is therefore without support for the finding by Special Term that justifiable excuse for delay had been shown. The only delay explained was in failing to complete the examination before trial. The excuse given for this delay would not excuse the inordinate general delay in prosecution of the action, which justifies its dismissal. (*Thomas* v. *Melbert Foods*, 19 N Y 2d 216; *Commercial Credit Corp.* v. *Lafayette, Lincoln-Mercury*, 17 N Y 2d 367.) Furthermore, there was no showing of a meritorious cause of action by plaintiff as required by CPLR 3216. Mere reference to an unverified complaint does not meet this requirement. (cf. *Sortino* v. *Fisher*, 20 A D 2d 25.) Upon the record it was an improvident exercise of discretion to refuse to dismiss this 5-year-old action, commenced about 2 years after the accident. (Appeal from order of Monroe Special Term denying defendant's motion to dismiss for failure to prosecute.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.